[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 15, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-13526
Non-Argument Calendar

_____

D. C. Docket No. 04-20075-CR-UUB

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERTO MARTIN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(March 15, 2006)**

Before TJOFLAT, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

Roberto Martin pled guilty to five counts of a six-count indictment: Count 1,

conspiracy, in violation of 18 U.S.C. § 371, to falsely assume and pretend to be officers and employees acting under the authority of the United States and a department thereof, the CIA, and in such pretended character to demand and obtain money and things of value in violation of 18 U.S.C. § 912; Counts 2 and 3, mail fraud, in violation of 18 U.S.C. § 1341; Count 4, false impersonation of a CIA agent, in violation of 18 U.S.C. § 912; and Count 5, unlawful possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). The district court sentenced Martin to prison for a total of 108 months. He now appeals his sentences.

Martin asks that we vacate his sentences and remand the case for resentencing on these grounds:

1) The district court denied him his Sixth Amendment right to a jury trial under United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), when it made findings of fact – principally the amount of the loss the victims of Counts 2 and 3 sustained – beyond those he admitted in pleading guilty;

2) The court denied him his constitutional right of confrontation by relying on out-of-court statements contrary to the holding in Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004);

3) The court erred in calculating the loss the victims of Counts 2 and 3

sustained; and

4) The court erred in refusing to credit him with acceptance of responsibility. We consider these grounds in turn.

## I.

We find no merit in Martin's first ground, based on <u>Booker</u>. The "use of extra-verdict enhancements in an advisory guidelines system is not unconstitutional." <u>United States v. Chau</u>, 426 F.3d 1318, 1323 (11th Cir. 2005). The court may find facts not found by a jury or admitted by the defendant, and use them in formulating a sentence, as long as it properly applies the Guidelines as advisory. <u>Id.</u> at 1324. In this case, the court treated the Guidelines as advisory; hence, <u>Booker</u> did not preclude the court from making and relying on the challenged fact findings.

## II.

In support of his second ground, based on <u>Crawford</u>, Martin says this: the district court denied him his right to confront witnesses and his right to due process by admitting an affidavit and hearsay testimony without inquiring into the availability of the out-of-court declarants and weighing his right to confront them against the Government's showing of good cause for not producing them.

The Fifth Amendment provides that "[n]o person shall be . . . deprived of

life, liberty, or property, without due process of law." U.S. Const. amend. V. This amendment is the foundation for the "strict evidentiary procedural limitations" that appropriately binds "[t]ribunals passing on the guilt of a defendant." Williams v. People of State of N.Y., 337 U.S. 241, 246, 69 S.Ct. 1079, 1082, 93 L.Ed. 1337 (1949). However, the Supreme Court has held that "[t]he due-process clause should not be treated as a device for freezing the evidential procedure of sentencing in the mold of trial procedure." Id. at 251, 69 S.Ct. at 1085.

The Sixth Amendment provides: "In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. Const. amend. VI. In Crawford, the Supreme Court noted "that the Confrontation Clause forbids the introduction of testimonial hearsay at trial unless (1) the declarant is unavailable, and (2) the defendant has had a prior opportunity to cross-examine the declarant." United States v. Baker, 432 F.3d 1189, 1254 n.68 (11th Cir. 2005) (citing Crawford, 541 U.S. at 68, 124 S.Ct. at 1373-74). Testimonial hearsay includes most affidavits and formal statements given to government officers. Id. at 1203. Although Crawford represented a change from an earlier decision, Ohio v. Roberts, 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980), it addressed the use of such hearsay only at trial – not at sentencing, and we have declined to reconsider our pre-Crawford rulings, see Baker, 432 F.3d at

4

1254 n.68, or to extend Crawford to sentencing, particularly since the Supreme Court has not yet done so, United States v. Chau, 426 F.3d 1318, 1323 (11th Cir. 2005).

With respect to sentencing hearings, we noted, prior to Crawford, that "the guidelines . . . establish[ed] an adversarial factfinding process, during which a court may consider any information, including reliable hearsay, regardless of the information's admissibility at trial, provided that there are sufficient indicia of reliability to support its probable accuracy," and that where the defendant has not had the opportunity to rebut the evidence or generally to cast doubt upon its reliability, he must be afforded that opportunity. United States v. Castellanos, 904 F.2d 1490, 1495 (11th Cir. 1990) (citing U.S.S.G. § 6A1.3 & commentary).

Addressing revocation of supervised release proceedings, we have held that the Due Process clause minimally provides defendants with "the right to confront and cross-examine adverse witnesses." United States v. Frazier, 26 F.3d 110, 114 (11th Cir. 1994). Therefore, "in deciding whether or not to admit hearsay testimony, the court must balance the defendant's right to confront adverse witnesses against the grounds asserted by the government for denying confrontation. In addition, the hearsay statement must be reliable." Id. (citation omitted). Nevertheless, "[i]f admission of hearsay evidence has violated due

5

process, the defendant bears the burden of showing that the court explicitly relied on the information. . . . [and that] (1) that the challenged evidence is materially false or unreliable, and (2) that it actually served as the basis for the sentence." United States v. Taylor, 931 F.2d 842, 847 (11th Cir. 1991).

Given the above discussion, we find no merit in Martin's Crawford argument. As for his due process argument under Frazier, even if the court did not expressly weigh Martin's rights against the Government's explanation for not having the witnesses there to testify, and this constitutes error, we disregard it. To establish that his sentencing package is harmful, Martin must satisfy Taylor's two-part test. There is nothing in the record, however, to show that "the challenged evidence [was] materially false or unreliable," and even if portions of the court's Guidelines determinations did rely on hearsay evidence, it is unclear the extent to which that evidence affected the sentence package as a whole. In sum, even if the court did violate Frazier, what it did was consistent with Taylor[1]

### III

We review the district court's loss calculations for Counts 2 and 3 for clear error. United States v. Cabrera, 172 F.3d 1287, 1292 (11th Cir. 1999).

---

[1] Martin also argues that the court erred when it failed to strike a witness's affidavit after the witness invoked his privilege against self-incrimination. The above discussion makes it clear that hearsay is permitted in sentencing hearings. It therefore follows that the court was not required to strike the affidavit. See Fed. R. Evid. 804(a)(1)

"The sentencing guidelines recognize that often the amount of loss caused by fraud is difficult to determine accurately. Thus, courts may reasonably estimate that amount." United States v. Miller, 188 F.3d 1312, 1317 (11th Cir. 1999). "The court need only make a reasonable estimate of the loss. The sentencing judge is in a unique position to assess the evidence and estimate the loss based upon that evidence. For this reason, the court's loss determination is entitled to appropriate deference." U.S.S.G. § 2B1.1, Application note 3(C). Thus, the court's "reasonable estimate of the intended loss will be upheld on appeal." United States v. Renick, 273 F.3d 1009, 1026 (11th Cir. 2001).

The court's calculation of loss may not be merely speculation, however. Id. Further, "the government bears the burden of supporting its loss calculation with reliable and specific evidence . . . [and the] court must make factual findings sufficient to support the government's claim of the amount of fraud loss attributed to a defendant in a PSI." Cabrera, 172 F.3d at 1292, 1294.

In this case, the presentence investigation report found that the loss amount was over $400,000, but less that $1,000,000, a bracket that resulted in a 14-point increase in Martin's offense level. At the sentencing hearing, it became clear that the losses were attributable to three victims. One of the victims attended the hearing, testified to his losses, and submitted documentary evidence of his losses.

7

The second victim's loss amount was put into evidence through the hearsay testimony of an investigator on the case and was supported by documentary evidence. The third victim's loss amount was put into evidence through the testimony of the investigator as well as through the victim's own affidavit, which included supporting documentation.

All told, the losses totaled over $700,000. Even if evidence of some of the losses is not taken at face value, it still was reasonable for the court to determine that the actual losses were over the $400,000 necessary to support the 14-point enhancement. Accordingly, even if the court did err, that error was harmless, and we do not disturb the court's findings. See United States v. Khawaja, 118 F.3d 1454, 1459 (11th Cir. 1997) (finding that co-defendant was not liable for whole loss amount, but that amount he was responsible for was still within the applicable range, and therefore he was not entitled to any relief).

**IV.**

Because of its proximity to the defendant, a district court's assessment of a defendant's acceptance of responsibility under U.S.S.G. § 3E1.1 is entitled to great deference, and we review it only for clear error. United States v. Moriarty, 429 F.3d 1012, 1022 (11th Cir. 2005). Thus, "the district court's determination will not be overturned unless it is without foundation." United States v. Castillo-Valencia,

917 F.2d 494, 500 (11th Cir. 1990). "Although a guilty plea can constitute significant evidence of acceptance of responsibility, it may be outweighed by conduct of the defendant inconsistent with an acceptance of responsibility." Moriarty, 429 F.3d at 1023.

Here, the district court was not convinced of Martin's acceptance of responsibility. The court noted that he had continued to put blame on others, and that he continued to claim that he had worked for the Federal Bureau of Investigation and Cuban intelligence. The court also found that Martin's statement accepting responsibility was inadequate. In short, we find no clear error.

Martin's sentences are due to be, and are,

**AFFIRMED.**